THIS ORDER IS APPROVED.

Dated: July 5, 2018

*Brenda Whinery*
**Brenda Moody Whinery, Chief Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 13 |
| JOHN ROBERT REICHARD and ERICKA RAE REICHARD, | Case No. 2:16-bk-12633-BMW |
| Debtors. | **RULING AND ORDER REGARDING DEBTORS' PLAN** |

This matter came before the Court pursuant to the *Motion to Set Confirmation Hearing* (the "Motion") filed by John and Ericka Reichard (the "Debtors") (Dkt. 37); the *Response to Debtor's Motion to Set Confirmation Hearing* (the "Response") filed by Russell Brown, the Chapter 13 Trustee (the "Trustee") (Dkt. 39); the Debtors' *Reply in Support of Motion to Set Confirmation Hearing* (the "Reply") (Dkt. 40); the Trustee's *Supplemental Response to Debtor's Motion to Set Confirmation Hearing* (the "Supplemental Response") (Dkt. 44); and the Debtors' *Final Memorandum Regarding Confirmation Hearing* (the "Final Memorandum") (Dkt. 45).

The Motion requested a confirmation hearing on the Debtors' proposed Chapter 13 Plan in order to resolve objections to the proposed confirmation order raised by the Trustee. The issues were briefed, as set forth above, and the Court held oral arguments on March 13, 2018, at the conclusion of which the Court took the matter under advisement. Upon consideration of the entire record, the Court now issues its ruling.

/ / /

/ / /

Case 2:16-bk-12633-BMW   Doc 54   Filed 07/05/18   Entered 07/05/18 16:44:00   Desc
Main Document    Page 1 of 10

**I.      Jurisdiction**

The Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(b), and it is a core proceeding under 28 U.S.C. § 157(b).

**II.     Factual and Procedural Background**

The Debtors filed a voluntary petition seeking relief under Chapter 13 of the Bankruptcy Code on November 2, 2016. The Debtors filed their Chapter 13 plan (the "Plan") shortly thereafter, and the Plan was noticed to parties in interest. (Dkts. 12, 14 & 15).

On November 29, 2016, Harley Davidson Credit Corporation ("Harley Davidson") filed a proof of claim, in which it asserted a secured claim in the amount of $6,255.00 and an unsecured claim in the amount of $261.11. (Proof of Claim 2-1). The Debtors' Plan lists the debt amount owed to Harley Davidson as being $6,364.26, but the Plan proposes to pay Harley Davidson $6,500 on its secured claim. (Dkt. 12 at 3).

The Plan, which was the form plan in use in the District of Arizona at the time it was filed, provides in Section (H) that "[w]hile the case is pending, the Debtor shall provide to the trustee a copy of any post-petition tax return within thirty days after filing the return with the tax agency." The Debtors listed this as a varying provision and referred to Section (J), which provides that the Debtors would not provide the Trustee with a copy of any post-petition tax returns, but would instead file their post-petition federal income tax returns with the Court pursuant to 11 U.S.C. § 521(f).[1] (Dkt. 12 at 5).

On January 26, 2017, the Trustee filed a plan recommendation, in which he set forth issues with the Plan, the resolution of which he deemed prerequisites to consensual confirmation. (Dkt. 18). Debtors' counsel filed three motions to extend his deadline to respond to the Trustee's plan recommendation, and on August 18, 2017, the Debtors submitted a proposed stipulated order of confirmation to the Trustee (the "Proposed SOC"). (*See* Dkts. 21, 24, 26, 32).

The Proposed SOC provides in relevant part:

---

[1] 11 U.S.C. §§ 101 *et seq.* will hereinafter be referred to as the "Bankruptcy Code" or "Code."

**(A) INCOME SUBMITTED TO THE PLAN.** . . . .

. . . .

    (1) <u>Future Earnings or Income</u>. . . . .
The Debtors shall file copies of their **federal** income tax returns for post-petition years **2017 – 2020** within 30 days of filing them with the Court pursuant to 11 U.S.C. § 521(f). The purpose is to assist the Trustee in determining any change in Debtors' annual disposable income. Postpetition state income tax returns will be handled pursuant to the final appellate decision rendered in case number 2-14-bk-7968-BKM.

. . . .

**(C) CLASSIFICATION AND TREATMENT OF CLAIMS.**

. . . .

. . . .

    (3) <u>Claims Secured by Personal Property</u>:

. . . .

        (c) **Harley-Davidson Credit Corp.**, secured by a lien in a 2008 *Harley-Davidson* FXDC Dyna Super Glide, shall be paid a secured claim of **$6,255.00** with **7%** interest. . . . .The balance of the debt shall be classified as unsecured.

(Dkt. 39 at Ex. A).

      The Trustee rejected the Proposed SOC on several grounds, including that the tax return paragraph did not provide for returns to be provided to the Trustee and that the amount to be paid to Harley Davidson differed from the treatment set forth in the Plan. Debtors' counsel then filed the Motion requesting this Court to determine the issues relating to the tax returns and the treatment of Harley Davidson.

      After Debtors' counsel filed the Motion, the District of Arizona adopted new local rules relating to Chapter 13 cases, which became effective December 1, 2017 ("Revised Local Chapter 13 Rules"). *See* Local Rules of Bankruptcy Procedure for the District of Arizona – 2084 Series. Such rules apply to all cases filed after November 30, 2017, and all pending cases, unless the Court finds such application is not just and practicable. General Order No. 17-1. Rule 2084-4 of the Revised Chapter 13 Local Rules mandates the use of Local Form 2084-4 (the "Local Plan Form"), which includes the following provision related to post-petition tax

returns:

> While the case is pending, the Debtor shall provide to the Trustee a copy of any post-petition tax return within 14 days after filing the return with the tax agency.

At the hearing on March 13, 2018, the parties also raised an issue relating to the secured claim of Lakeview Loan Servicing and its objection to the Plan. Given that this issue was not set for hearing, and that the parties indicated that the issue was likely to be resolved, the matter is not before the Court at this time, but would need to be resolved prior to confirmation of a plan. At the hearing the Debtor and the Trustee also resolved issues pertaining to the language in paragraph D of the Proposed SOC; therefore, this issue is not before the Court, but the agreed upon language would need to be included in a final order confirming a plan.

### III.  Issues

1. Whether the order of confirmation may propose treatment consistent with Harley Davidson's filed proof of claim, but different than the treatment set forth in the Debtors' Plan.

2. Whether the Local Rules and Local Plan Form may require the Debtors to provide copies of their post-petition tax returns directly to the Trustee.

### IV.  Legal Analysis and Conclusions of Law

1. <u>The Harley Davidson Claim</u>

The Debtors argue that they are entitled to pay Harley Davidson's secured claim in the amount asserted by Harley Davidson in its proof of claim. The Trustee contends that the Debtors must provide Harley Davidson with notice if they wish to modify the amount to be paid to Harley Davidson through their Plan.

Code § 1323(a) allows Chapter 13 debtors to modify their plans at any time before confirmation. The plan as amended then becomes the plan. 11 U.S.C. § 1323(b). Federal Rule of Bankruptcy Procedure 2002(a)(5)[2] requires that all creditors be given at least 21 days' notice

---

[2] The Federal Rules of Bankruptcy Procedure will hereinafter be referred to as "FRBP" or "Federal Rules."

of the deadline to accept or reject a proposed modification.³ *See also In re Franklin*, 459 B.R. 463, 465 (Bankr. D. Nev. 2011) ("The authorities are in general agreement that any modification resets the time for objection, and thus the modified plan must be renoticed.").

The Debtors' Plan, as noticed out, and not objected to by Harley Davidson, proposed to pay Harley Davidson $6,500 on account of its secured claim. The proposed confirmation order reduces the amount that Harley Davidson would receive on its secured claim to $6,255. Harley Davidson has not been given notice of this modification. Though this modification appears to be a correction given that Harley Davidson filed a secured proof of claim in the amount of $6,255, Harley Davidson is nonetheless entitled to notice of the amendment and an opportunity to object, as the proposed alteration will affect Harley Davidson's rights.

Based on the foregoing, it is this Court's determination that an amended plan is required, which gives notice and opportunity to object, or alternatively, Harley Davidson may consent by stipulation to a confirmation order.

2. <u>The Local Plan Form's Requirement that Debtors Submit Post-Petition Tax Returns to the Trustee</u>

The Debtors argue that the Local Plan Form violates the Bankruptcy Code and the Federal Rules on the basis that the Trustee is required to follow Code §§ 521(f) and (g) in order to obtain access to post-petition tax returns. The Trustee argues that the Local Rules and Local Plan Form permissibly require the Debtors to provide copies of their post-petition tax returns directly to him.

Federal Rule 9029 empowers bankruptcy courts to make and amend local rules. Rule 9029 provides, in part, as follows:

> (a) Local bankruptcy rules
> (1) . . . .
>
> A district court may authorize the bankruptcy judges of the district, subject to any limitation or condition it may prescribe and the requirements of 83 F.R.Civ.P., to make and amend rules of practice and procedure which are consistent with--but not

---

³ The Federal Rules of Bankruptcy Procedure will hereinafter be referred to as "FRBP" or "Federal Rules."

> duplicative of--Acts of Congress and these rules and which do not prohibit or limit the use of the Official Forms. Local rules shall conform to any uniform numbering system prescribed by the Judicial Conference of the United States.
> (2) A local rule imposing a requirement of form shall not be enforced in a manner that causes a party to lose rights because of a nonwillful failure to comply with the requirement.

FRBP 9029.

The language in Federal Rule of Civil Procedure 83 is similar to the language in FRBP 9029, but imposes the additional requirement that local rules may only be made or amended "[a]fter giving public notice and an opportunity for comment."

In December 2017, the U.S. Supreme Court, in accordance with 28 U.S.C. § 2075, amended FRBP 3015. Pursuant to FRBP 3015, as amended, Official Form 113 (the "National Plan Form") must be used in all Chapter 13 cases, except to the extent a Local Form that complies with FRBP 3015.1 has been implemented at the district level.

The District of Arizona chose to adopt the Local Plan Form, which is compliant with FRBP 3015.1. Pursuant to Local Rule 2084-4 and General Order No. 17-1, the Local Plan Form "must be used for all original, amended, or modified plans" in all pending Chapter 13 cases, unless the Court finds that such application is not just and practicable. "Varying provisions must be specific and not inconsistent with the Code, FRBP or Local Rules." LR 2084-4(a). The Local Plan Form requires Chapter 13 debtors to submit post-petition tax returns directly to the trustee.[4] The Revised Local Chapter 13 Rules were published with notice and an opportunity for public comment before adoption.

In order to be valid, a local bankruptcy rule must: (1) be consistent with Acts of Congress and the Federal Rules; (2) be more than merely duplicative of Acts of Congress and the Federal Rules; and (3) not prohibit or limit the use of Official Bankruptcy Forms. *In re Healthcentral.com*, 504 F.3d 775, 784 (9th Cir. 2007) (adopting the test articulated in *In re Steinarcher*, 283 B.R. 768 (B.A.P. 9th Cir. 2002)). The Revised Local Chapter 13 Rules meet

---

[4] It should be noted that the National Plan Form in section 2.3 provides in part, as an option, that "Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return . . . ." Official Form 113.

these requirements.

The provision in the Local Plan Form that requires Chapter 13 debtors to submit post-petition tax returns directly to the trustee is consistent with the Code and Federal Rules, as well as the National Plan Form. Code § 1302(b)(1), which incorporates § 704(a)(4) of the Code, requires trustees to "investigate the financial affairs of the debtor[.]" The Code also imposes a number of duties on debtors, including the duty to "cooperate with the trustee as necessary to enable the trustee to perform [his] duties . . . ." 11 U.S.C. § 521. Neither the Code nor Federal Rules address accessibility to or disclosure of debtors' post-petition state tax returns, but the Code imposes a duty on debtors to supply their post-petition federal tax returns under certain circumstances. *See* 11 U.S.C. § 521(f)(1).

Code § 521(f)(1) provides:

> At the request of the court, the United States trustee, or any party in interest in a case under chapter 7, 11, or 13, a debtor who is an individual shall file with the court -- at the same time filed with the taxing authority, a copy of each Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such tax return) with respect to each tax year of the debtor ending while the case is pending under such chapter[.]

"[T]he purpose of [Code] § 521(f) . . . appears to be to allow interested parties like [the] Trustee to monitor a debtor's financial condition during the pendency of the chapter 13 case and to seek plan modification under [Code] § 1329 if there are material increases in net income that can be captured for contribution." *In re Romeo*, No. BAP AZ-17-1215-BLKU, 2018 WL 1463850, at *4 (B.A.P. 9th Cir. Mar. 23, 2018). A trustee's use of debtors' tax return information for purposes of evaluating whether a plan modification is warranted is consistent with the Code. *Id.* (citing *Fridley v. Forsythe (In re Fridley)*, 380 B.R. 538, 544 (B.A.P. 9th Cir. 2007); *Danielson v. Flores (In re Flores)*, 735 F.3d 855, 860 n.7 (9th Cir. 2013); *In re Escarsega*, 573 B.R. 219, 224 (B.A.P. 9th Cir. 2017); *In re King*, 2010 WL 4363173, at *3 (Bankr. D. Colo. Oct. 27, 2010); *In re Self*, 2009 WL 2969489, at *5 (Bankr. D. Kan. Sept. 11, 2009); *In re Slusher*, 359 B.R. 290, 304 (Bankr. D. Nev. 2007)).

Although Code § 521(f) addresses a means by which a trustee can gain access to post-petition federal tax returns, Code § 521(f) does not provide the exclusive mechanism by which a trustee may obtain access to such tax returns. A trustee may, for example, apply for a Rule 2004 examination, file a motion under § 521(a)(3), or seek to obtain post-petition tax returns pursuant to Rule 7034 in the context of an adversary. *Cf. In re Parker*, 488 B.R. 794, 798-99 (Bankr. N.D. Ga. 2013) (recognizing that tax returns can be discoverable documents for purposes of FRBP 7034); *In re Collins*, 393 B.R. 835, 837 (Bankr. E.D. Wis. 2008) (recognizing a creditor's ability to use FRBP 2004 to require a debtor to produce tax returns). Further, although the Ninth Circuit B.A.P. in the *Romeo* case found that Code § 521(g) was not a basis for turnover of post-petition state tax returns, it clearly recognized that the trustee might obtain such returns by other means. *In re Romeo*, 2018 WL 1463850, at *6.

Chapter 13 was intended to provide individual debtors with a streamlined process for reorganizing their debts. *In re Vega-Lara*, No. 17-52553-CAG, 2018 WL 2422427, at *5 (Bankr. W.D. Tex. May 4, 2018) (quoting *In re Solitro*, 382 B.R. 150, 152 (Bankr. D. Mass. 2008)). Uniform plans, like the Local Plan Form, allow Chapter 13 trustees, creditors' attorneys, and debtors' attorneys to more quickly, efficiently, and inexpensively review and prepare plans. *See id.* (quoting *In re Solitro*, 382 B.R. 150, 152 (Bankr. D. Mass. 2008)).

The Trustee has a statutory duty to investigate the financial affairs of the Debtors. In order to fulfill this duty, he needs to have the ability to readily access debtors' post-petition tax returns, in order to monitor changes in disposable income. These tax returns can provide a basis for proposing plan modifications, or requiring the filing of amended schedules. It would be cost prohibitive to require trustees to file a motion every year that a case is pending, in order to obtain post-petition tax returns in every case, given the number of cases each trustee handles. The Local Plan Form effectively balances the debtor's duty to file post-petition federal tax returns with the trustee's duty to ensure that the debtor is complying with the Code. The Local Plan Form provision at issue here permissibly streamlines the procedure by which a trustee obtains the debtors' post-petition tax returns, and promotes cost efficiencies and efficient administration.

To the extent the Debtors contend that enforcing the Local Plan Form provision at issue here deprives them of rights or violates their privacy, the Court finds that the Debtors have failed to prove any deprivation or violation. The Debtors do not allege that the Trustee is seeking their post-petition tax returns for an improper purpose. In fact, it appears that the Debtors intent in objecting to this local plan provision is to purposely increase the cost to the Trustee of obtaining an important source of financial information, the tax returns, and to avoid the disclosure of any changes in their projected disposable income, in order to prevent the Trustee from seeking modification pursuant to Code § 1329. Under the circumstances, any encroachment on the Debtors' rights is outweighed by the Trustee's competing duty to investigate and analyze the financial affairs of the Debtors and to seek to modify their plan, if appropriate. There is no real distinction between the Local Plan Form provision that requires debtors to provide the trustee with copies of their federal tax returns and the Code's requirement that debtors file these returns with the Court while the case is pending. The Debtors' objection raises a distinction without a difference. Further, the turnover of post-petition state tax returns causes no greater infringement upon debtors, given the requirement for turnover of the federal tax returns.

Upon consideration of the foregoing and the entire record, it is the determination of the Court that the Debtors are required to provide the Trustee with copies of their post-petition tax returns pursuant to the Local Rules and Local Plan Form.

## V. Conclusion

The Court finds that the Debtors must provide Harley Davidson with notice of their proposed change to the treatment of Harley Davidson's claim, or they must obtain Harley Davidson's consent to the stipulated order confirming the Plan. Additionally, the Court finds that use of the Local Plan Form is mandatory in this case and permissibly requires the Debtors to submit copies of their post-petition tax returns directly to the Trustee.

Wherefore, based upon the foregoing and for good cause shown;

**IT IS ORDERED** that the Trustee's objections to confirmation of the Debtors' Plan, as

submitted, are sustained, and confirmation is denied.

**IT IS FURTHER ORDERED** that the Debtors have thirty (30) days from entry of this order to file an amended plan consistent with this ruling.

**DATED AND SIGNED ABOVE.**